IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY MOLICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSHUA MEDEIROS, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-03185 SI<br><br>**ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** |

Currently before the Court is plaintiff's motion to compel the Sonoma County Sheriff's Office to comply with plaintiff's October 11, 2013 subpoena. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for January 17, 2014. For the reasons set forth below, the Court GRANTS plaintiff's motion.

**BACKGROUND**

The following facts are drawn from the complaint. On February 2, 2013, defendant Joshua Medeiros, an officer with the Santa Rosa Police Department, searched plaintiff Cody Molica's home for firearms. Compl. ¶¶ 2, 6. The defendant allegedly told the plaintiff that he had checked with the sheriff's department, and knew that the plaintiff was on probation and was therefore subject to warrantless searches, and that due to his probation, the plaintiff was not permitted to possess firearms.

1  *Id.* ¶¶ 6-7. The plaintiff protested that he was not on probation, but that he had instead received a
2  conditional sentence pursuant to his previous misdemeanor charges. *Id.* ¶ 7. The plaintiff cooperated
3  in the search, but persisted in his claim that the officer was making a mistake. *Id.* ¶ 8. The defendant
4  located two pistols, a shotgun, and ammunition. *Id.* ¶ 9. The defendant then told the plaintiff that,
5  because he was on probation and was in possession of multiple firearms, the defendant was going to
6  arrest him. *Id.* ¶ 10. The plaintiff asked the defendant to look in a file on his bookcase, which he
7  claimed contained a copy of his sentencing minutes and would demonstrate that he was not actually on
8  probation. *Id.* The defendant declined to do so, and instead called the sheriff's department again to
9  confirm that the plaintiff was on probation and was barred from possessing firearms. *Id.* ¶ 12. The
10 defendant then told the plaintiff that the sheriff's department had confirmed that the plaintiff was on
11 probation with search conditions, and that he could not lawfully possess firearms. *Id.* The plaintiff was
12 then arrested.

13 After posting a bond, the plaintiff visited the Sonoma County Probation Department, which
14 confirmed to the plaintiff that he was on "court probation" which meant that he did not have a probation
15 officer. *Id.* ¶ 14. The plaintiff was told that his records were not part of the Probation Department, and
16 that he should instead check with the county clerk. *Id.* The plaintiff then visited the Sonoma County
17 Criminal Clerk's Office, where he was told that he had been given a conditional sentence, the terms of
18 which were that he "be of good conduct and obey all laws." *Id.* ¶ 15.

19 The plaintiff was never charged with violating probation. *Id.* ¶ 16. The plaintiff's property was
20 ordered returned to him and all allegations of wrongdoing were resolved in his favor. *Id.* On July 10,
21 2013, the plaintiff filed a complaint against the defendant for damages stemming from the February 2,
22 2013 search of his home.

23 On October 11, 2013, the plaintiff served a subpoena on the Sonoma County Sheriff's Office,
24 seeking all records related to his probation status, any memoranda related to the defendant's telephone
25 calls to that office on February 1 and 2, 2013, and a list of employees who worked in the records
26 department on February 2, 2013. Motion to Compel, Ex. A. On October 17, 2013, the Sheriff's Office
27 responded with written objections to the plaintiff's subpoena. *Id.* Ex. B. Regarding the plaintiff's
28 request for records relating to his probation status, the Sheriff's Office claimed that it was not the

2

custodian of these records, and explained that these were records of the Sonoma County Superior Court and the Sonoma County Probation Department.[1] *Id.*

The plaintiff now moves the Court to compel the Sonoma County Sheriff's Office to comply with his subpoena, and produce to him any records they possess relating to his probation status. *Id.* at 4.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(a)(1)(D), any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things . . . ." Under Rule 45, a person commanded to produce documents may serve a written objection to the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B). After a written objection has been made, the party serving the subpoena may not have access to the requested documents absent a court order, but may at any time move for an order to compel document production. *Id.* The Court has discretion to determine whether to grant a motion to compel. *See Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987) ("The trial court's refusal to permit further discovery is reviewed for an abuse of discretion.") (citation omitted).

## DISCUSSION

The plaintiff asks the Court to compel the Sonoma County Sheriff's Office to produce the records sought by the subpoena. Specifically, he argues that, because the Sheriff's Office was able to access his records and was therefore in possession of them, it should be compelled to produce them in response to his subpoena.

Probation records "constitute a part of the records of the court, and shall at all times be open to the inspection of the court or of any person appointed by the court for that purpose, . . . and the chief of police, or other heads of the police, unless otherwise ordered by the court." Cal. Penal Code § 1203.10. An individual who is granted a conditional sentence, by contrast, is not supervised by the

---

[1] The plaintiff's current motion concerns only the records relating to his probation status, and not to the other two categories of documents his subpoena sought.

3

probation office, but instead "shall report only to the court." *Id.* § 1203b. "Courts have inherent power over their records." *Cnty. of Placer v. Superior Court*, 130 Cal. App. 4th 807, 812 (Cal. Ct. App. 2005). While a court may decide to permit a defendant to inspect his own probation records, it is within the court's discretion to decide when such access is appropriate. *Id.*; *see also McGuire v. Superior Court*, 12 Cal. App. 4th 1685, 1688 (Cal. Ct. App. 1993) ("[E]ven if a court were to allow a defendant to inspect his own probation file, it could and should limit the inspection to nonconfidential matters.").

The Sonoma County Sheriff's Office argues that it cannot comply with a subpoena that seeks court records. However, the plaintiff's subpoena does not seek court records; instead, the plaintiff's subpoena seeks to discover precisely what records the Sonoma County Sheriff's Office relied upon when it allegedly twice informed the defendant that the plaintiff was on probation with a search condition. The Sonoma County Sheriff's Office's suggestion that the plaintiff direct his subpoena request to the probation office or to the court directly is unavailing. Indeed, the plaintiff avers that he has already contacted both the probation department and the criminal clerk's office. The probation department confirmed to the plaintiff that he was not on probation, while the clerk's office confirmed that the plaintiff was granted a conditional sentence. The only way the plaintiff can discover which documents the defendant relied upon in determining that the plaintiff was under searchable probation is for the Sonoma County Sheriff's Office to comply with the plaintiff's subpoena by producing to him the documents that allegedly showed the plaintiff was on searchable probation.

Accordingly, the Court GRANTS the plaintiff's motion to compel compliance with the subpoena.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS the motion to compel compliance with the subpoena. The Sonoma County Sheriff's Office is ORDERED to produce to the plaintiff the documents he seeks. This Order resolves Docket No. 31.

**IT IS SO ORDERED.**

Dated: January 15, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4